# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LORRAINE S. KIMBALL,[1]
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
SF-0752-13-2733-I-1

DATE: January 6, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Lorraine S. Kimball, San Diego, California, pro se.

Jason Bowers Smith, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this case was part of a consolidation, *DD63-DCMA2 v. Department of Defense*, MSPB Docket No. SF-0752-14-0442-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The agency furloughed the appellant from her Contract Price/Cost Analyst position with the Defense Contract Management Agency (DCMA) for 6 days based on "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., an across-the-board reduction to budgetary resources for the federal government. Initial Appeal File (IAF), Tab 3 at 5, 7-14, 17-19.  On appeal to the Board, and based on the written record because the appellant did not request a hearing, the administrative judge affirmed the furlough.  *DD63-DCMA2 v. Department of Defense*, MSPB Docket No. SF-0752-14-0442-I-1, Consolidated Appeal File, Tab 9, Initial Decision (ID) at 2, 19.  The administrative judge found, among other things, that the agency established that it had cause to furlough the appellant and that the furlough promoted the efficiency of the service.  ID at 6-12.

¶3        The appellant asserts on review that the agency committed harmful error because the Secretary of Defense issued a May 14, 2013 memorandum directing managers to furlough civilian employees, even though the Secretary of Defense

had been confirmed by the U.S. Senate less than 3 months before and therefore "had so little experience." Petition for Review File, Tab 1 at 4. The appellant also contends that the agency did not furlough employees living in areas affected by tornadoes, and that DCMA was "under budget." *Id*.

¶4 The appellant did not allege before the administrative judge harmful error based on the length of time the Secretary of Defense spent in office before issuing his May 14, 2013 memorandum. *See* IAF, Tab 1 at 5. Moreover, she has not shown that this argument is based on new and material evidence not previously available despite her due diligence. Therefore, the Board will not consider such an argument for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). In any event, harmful error is error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.56(c)(3). The appellant has not identified any law, rule, or regulation that prohibited the Secretary of Defense from issuing the May 14, 2013 memorandum after less than 3 months in office.

¶5 In addition, the administrative judge addressed the appellant's assertions regarding employees living in areas affected by tornadoes and the DCMA budget. The administrative judge found that the employees affected by tornadoes were not similarly situated to the appellant and that the appellant was subject to the furlough because her pay and benefits were funded through Department of Defense (DOD) appropriations, which were subject to significant spending cuts, even assuming that DCMA was "under budget." ID at 6-7, 9-10, 15. The appellant has shown no error in these findings. *See Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014) (agreeing with the administrative judge that, although the appellants asserted that the Department of the Navy had adequate funding to avoid the furloughs, it was reasonable for DOD to consider its budget situation holistically, rather than isolating each military department's situation); *Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 9 (2014) (employees

from different organizational units and competitive areas could be treated differently because they were not similarly situated for furlough purposes).

¶6      Accordingly, we DENY the appellant's petition for review.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.